FILED
2017 Apr-25  PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

Exhibit A

## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: JOHN SCOTT**

*alacourt.com*

County: **01**　　Case Number: **CV-2017-901181.00**　　Court Action:

Style: **CENTRAL CITY DEVELOPERS, LLC V. DONALD WOLLAN ET AL**

Real Time

**Case**

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **01-JEFFERSON -** | Case Number: | **CV-2017-901181.00** | Judge: | **EAF:ELISABETH A FRENCH** |
| Style: | **CENTRAL CITY DEVELOPERS, LLC V. DONALD WOLLAN ET AL** | | | | |
| Filed: | **03/23/2017** | Case Status: | **ACTIVE** | Case Type: | **CONTRACT/EJMNT/SEIZU** |
| Trial Type: | **BENCH** | Track: | | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **2** | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | **0** | Num of Liens: | **0** | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

### Comments

Comment 1:

Comment 2:

### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | | | |

### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subponeas: | | Last Update: | **03/23/2017** | Updated By: | **AJA** |

**Parties**

**Party 1 - Plaintiff BUSINESS - CENTRAL CITY DEVELOPERS, LLC**

### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **CENTRAL CITY DEVELOPERS, LLC** | Type: | **B-BUSINESS** |
| Index: | **D WOLLAN DONAL** | Alt Name: | | Hardship: | **No**　　JID: | **EAF** |
| Address 1: | **1025 23RD STREET SOUTH** | | Phone: | **(205) 871-9566** | |

| Address 2: | SUITE 103 | | | | | | |
|---|---|---|---|---|---|---|---|
| City: | BIRMINGHAM | State: | AL | Zip: | 35205-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |

## Court Action

| Court Action: | | | | Court Action Date: | |
|---|---|---|---|---|---|
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| Issued: | Issued Type: | Reissue: | Reissue Type: |
|---|---|---|---|
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | SKI014 | | SKINNER DAVID CLINTON | DAVID@SKINNERLEGAL.COM | (205) 871-9566 |

### Party 2 - Defendant INDIVIDUAL - WOLLAN DONALD

## Party Information

| Party: | D001-Defendant | Name: | WOLLAN DONALD | | | Type: | I-INDIVIDUAL |
|---|---|---|---|---|---|---|---|
| Index: | C CENTRAL CITY | Alt Name: | | Hardship: | No | JID: | EAF |
| Address 1: | PO BOX 9 | | | Phone: | (205) 000-0000 | | |
| Address 2: | | | | | | | |
| City: | RANCHO SANTA F | State: | CA | Zip: | 92067-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | M | Race: | |

## Court Action

| Court Action: | | | | Court Action Date: | |
|---|---|---|---|---|---|
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| Issued: | 03/23/2017 | Issued Type: | C-CERTIFIED MAIL | Reissue: | Reissue Type: |
|---|---|---|---|---|---|
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | 03/28/2017 | Service Type | C-CERTIFIED MAIL | Service On: | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 3 - Defendant BUSINESS - SADDLES BLAZIN, LLC

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | SADDLES BLAZIN, LLC | | | Type: | B-BUSINESS |
| Index: | C CENTRAL CITY | Alt Name: | | Hardship: | No | JID: | EAF |
| Address 1: | 701 S CARSON ST STE 200 | | | Phone: | (205) 000-0000 | | |
| Address 2: | | | | | | | |
| City: | CARSON CITY | State: | CA | Zip: | 89701-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | 03/23/2017 | Issued Type: | C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | 03/27/2017 | Service Type | C-CERTIFIED MAIL | Service On: | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|-----------|-----------|----------|-------|-------|-----------|-------------|---------|-------------|---------------|
| ACTIVE | N | CONV | C001 | 000 | $0.00 | $14.09 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $306.00 | $306.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $351.00 | $365.09 | -$14.09 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|------------------|-------------|---------------------|-------------------|----------------|--------|------------|----------|------------|-----------|--------|----------|----------|

| 03/24/2017 | CREDIT | CONV | 2017121 | 8668360 | $14.09 | C001 | 000 | N | PAS |
| 03/24/2017 | RECEIPT | CV05 | 2017121 | 8668370 | $306.00 | C001 | 000 | N | PAS |
| 03/24/2017 | RECEIPT | VADM | 2017121 | 8668380 | $45.00 | C001 | 000 | N | PAS |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 3/23/2017 | 6:17 PM | ECOMP | COMPLAINT E-FILED. | SKI014 |
| 3/23/2017 | 6:18 PM | FILE | FILED THIS DATE: 03/23/2017        (AV01) | AJA |
| 3/23/2017 | 6:18 PM | EORD | E-ORDER FLAG SET TO "Y"        (AV01) | AJA |
| 3/23/2017 | 6:18 PM | ASSJ | ASSIGNED TO JUDGE: ELISABETH A FRENCH        (AV01) | AJA |
| 3/23/2017 | 6:18 PM | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) | AJA |
| 3/23/2017 | 6:18 PM | TDMN | BENCH/NON-JURY TRIAL REQUESTED        (AV01) | AJA |
| 3/23/2017 | 6:18 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | AJA |
| 3/23/2017 | 6:18 PM | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |
| 3/23/2017 | 6:18 PM | C001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 3/23/2017 | 6:18 PM | C001 | LISTED AS ATTORNEY FOR C001: SKINNER DAVID CLINTO | AJA |
| 3/23/2017 | 6:18 PM | C001 | C001 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 3/23/2017 | 6:18 PM | C001 | C001 PARTY ADDED: CENTRAL CITY DEVELOPERS, LLC | AJA |
| 3/23/2017 | 6:18 PM | D001 | D001 PARTY ADDED: WOLLAN DONALD        (AV02) | AJA |
| 3/23/2017 | 6:18 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) | AJA |
| 3/23/2017 | 6:18 PM | D001 | CERTIFIED MAI ISSUED: 03/23/2017 TO D001        (AV02) | AJA |
| 3/23/2017 | 6:18 PM | D001 | D001 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 3/23/2017 | 6:18 PM | D001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 3/23/2017 | 6:18 PM | D002 | D002 PARTY ADDED: SADDLES BLAZIN, LLC        (AV02) | AJA |
| 3/23/2017 | 6:18 PM | D002 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 3/23/2017 | 6:18 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE        (AV02) | AJA |
| 3/23/2017 | 6:18 PM | D002 | D002 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 3/23/2017 | 6:18 PM | D002 | CERTIFIED MAI ISSUED: 03/23/2017 TO D002  (AV02) | AJA |
| 4/13/2017 | 8:41 AM | ESERC | SERVICE RETURN | TIS |
| 4/13/2017 | 8:41 AM | D001 | SERVICE OF CERTIFIED MAI ON 03/28/2017 FOR D001 | TIS |
| 4/13/2017 | 9:44 AM | ESERC | SERVICE RETURN | MAM |
| 4/13/2017 | 9:44 AM | D002 | SERVICE OF CERTIFIED MAI ON 03/27/2017 FOR D002 | MAM |

*END OF THE REPORT*

ELECTRONICALLY FILED
3/23/2017 6:17 PM
01-CV-2017-901181.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>01<br><br>Date of Filing:<br>03/23/2017 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### CENTRAL CITY DEVELOPERS, LLC v. DONALD WOLLAN ET AL

**First Plaintiff:** ☑ Business   ☐ Individual       **First Defendant:** ☐ Business   ☑ Individual
                    ☐ Government ☐ Other                                ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ **INITIAL FILING**       A ☐ **APPEAL FROM<br>DISTRICT COURT**       O ☐ **OTHER**

         R ☐ **REMANDED**       T ☐ **TRANSFERRED FROM<br>OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ YES ☑ NO       **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ **MONETARY AWARD REQUESTED**   ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**

SKI014                    3/23/2017 6:17:41 PM              /s/ DAVID C SKINNER
                              Date                         Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**       ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
3/23/2017 6:17 PM
01-CV-2017-901181.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**In The Circuit Court For Jefferson County**
**State of Alabama**

| | | |
|---|---|---|
| Central City Developers, LLC | ) | |
| | ) | |
| Plaintiff, | ) | CV: |
| | ) | |
| v. | ) | |
| | ) | |
| Donald Wollan and Saddles Blazin, | ) | |
| LLC | ) | |
| | ) | |
| Defendants. | | |

**Rule 9(h) Pleading.** There may be other entities whose true identities are unknown to Plaintiff at this time who may be legally responsible for the claim(s) set forth in this pleading. Plaintiff will add these parties by amendment when Plaintiff learns their true names and identities through further discovery. Until that time, Plaintiff designates these parties in accordance with ARCP 9(h). The word "entity" is used to refer to and include any and all legal entities including individual persons, any and all forms of partnership, corporations, unincorporated associations, companies and any and all other form of legally recognized entity (collectively, "Entity"). The symbol which Plaintiff uses to designate these party defendants includes more than one entity if discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". Plaintiff must include by descriptive characterization the following party defendants.

**Fictitious Defendants A** is the true and correct designation of the person or entity known as or identified as Donald Wollan, its successors in interest, heirs and/or assigns, or that person or entity which conducted activities attributed to the forgoing in the body of this Complaint.

**Fictitious Defendants B** is the true and correct designation of the person or entity known as or identified as Saddles Blazin, LLC, its successors in interest, heirs and/or assigns, or that person or entity which conducted activities attributed to the forgoing in the body of this Complaint.

| | |
|---|---|
| Defendants. | ) |
| _____ | ) |

## Complaint

This pleading sometimes refers to the Plaintiff(s) and Defendant(s), whether singular or plural, whether individual or collective, as "Plaintiff" and "Defendant." All references to Plaintiff or Defendant shall include all Plaintiffs or all Defendants, or certain of them, as the case may be and as the context indicates. All references to Party or Parties shall be a reference to the party in question, a collection of parties, or all of the parties, as the case may be and as the context indicates. The above references shall not distinguish as to gender or numerosity unless the context so indicates. The use of different designations in different locations of this pleading to refer to the same party and the use of a collective designation versus a singular or unique designation shall have no significance in interpreting this pleading.

### Parties

1.      This is a landlord-tenant collection action. The Plaintiff/Landlord will prove that the Defendant/Tenant breached the Lease Agreement in a variety of ways to include failure to take possession and anticipatory failure to pay rent (anticipatory breach under Alabama law). Defendant/Guarantor is liable to Plaintiff/Landlord for Defendant/Tenant's obligations.

2.      Central City Developers, LLC is a Alabama Limited Liability Company, organized and existing pursuant to the laws of the State of Alabama and is the **Plaintiff/Landlord**.

3.      Donald Wollan is over the age of (19) years of age and a **Defendant/Guarantor**; if there is more than one Defendant/Guarantor, then the forgoing is one of the Defendants/Guarantors as the context so indicates. Fictitious Defendants A are those persons, firms, corporations and/or entities identified in this Complaint as **Donald Wollan**, their successors in interest, heirs and/or assigns, or those persons or entities which

conducted activities attributed to the forgoing Defendant in the body of this Complaint.

4.      Saddles Blazin, LLC is a Limited Liability Company, organized and existing pursuant to the laws of the State of Nevada and is a **Defendant/Tenant**; if there is more than one Defendant/Tenant, then the forgoing is one of the Defendants/Tenants as the context so indicates.  Fictitious Defendants B are those persons, firms, corporations and/or entities identified in this Complaint as **Saddles Blazin**, their successors in interest, heirs and/or assigns, or those persons or entities which conducted activities attributed to the forgoing Defendant in the body of this Complaint.

### The Lease Agreement

5.      **Premises.**  Plaintiff/Landlord owns the Premises made the subject matter of this Landlord Tenant collection action and being commonly referred to as:

> That Certain development on Southside, Birmingham, generally located on the
> SE corner of 7th Avenue South and Richard Arrington Jr. Blvd and known as
> "The Waites"; the foregoing being Unit or Space # 1 and generally described
> on Exhibit A of the Lease.

(Hereinafter "Premises").

6.      **Jurisdiction & Venue.**  The Premises and some of the transactions, acts, occurrences and omissions made the subject matter of this Complaint occurred or where

omitted in the jurisdiction & venue of this Court.

7. **Original Lease.** Defendants/Tenants and Big Blue Sky, LLC as Landlord entered into a Lease Agreement; the Lease Agreement was executed by Big Blue Sky, LLC on January 21, 2016, and executed by Defendants/Tenants on January 14, 2016. (hereinafter "Original Lease").

8. **"Lease Agreement."** The Original Lease together with all Amendments, Modification and Extensions is/are the Parties' "Lease Agreement."

9. **Guaranty.** Defendants/Guarantors entered into a personal or corporate guaranty agreement(s) with Plaintiff/Landlord whereby Defendants/Guarantors guarantied the performances of Defendants/Tenants and for the benefit of Plaintiff Landlord.

10. **Attorney's Fees & Litigation Expenses.** The Parties' agreement, including the Lease Agreement and Guaranty, contain attorney fee provisions and Defendants/Tenants and Defendants/Guarantors are liable to Plaintiff /Landlord for legal fees, expenses and other costs of collection as proven to the finder of fact.

11. **Assignment.** Big Blue Sky, LLC assigned the Lease and Guaranty to Plaintiff/Landlord by Instruments dated March 16, 2016. Attornment in Alabama is automatic pursuant to Alabama Code Section 35-4-32.

### Breach & Tortuous Conduct.

12. Plaintiff/Landlord fulfilled all of its obligations under the Parties' agreement, including the Lease Agreement, as well as any "conditions precedent" to the enforcement of

Defendants'/Tenants' and Defendants'/Guarantors' obligations to Plaintiff/Landlord.

13.     Various provisions of the Lease Agreement require the Defendants/Tenants to accept possession of the Premises, complete the Defendants'/Tenants' construction requirements and then open and operate Defendants'/Tenants' business activities at the Premises.

14.     On December 22, 2016, Plaintiff/Landlord notified Defendants/Tenants and all Defendants/Guarantors and Franchisors that the Premises would be ready for delivery to Defendant/Tenant on or about February 27, 2017.

15.     By letter dated December 29, 2016, Defendants/Tenants notified Plaintiff/Landlord that Defendants/Tenants **would not** take possession of the Premises as required and contemplated in the Lease Agreement.

16.     The forgoing was an anticipatory breach by Defendants/Tenants of their (Defendants'/Tenants') obligations under the Lease Agreement.

17.     By letter dated January 10, 2017, Plaintiff/Landlord notified the Defendants/Tenants, Defendants/Guarantors and the Franchisor of the foregoing breach by Defendants/Tenants and issued all necessary Notices of Breach, Notices of Default and Notices of the Opportunity to Cure.

18.     On February 27, 2017, Defendants/Tenants did, in fact, fail to accept possession of the Premises and did, in fact, fail to proceed to complete its/their construction and subsequent occupation of the same and then operate its/their business activities on the Premises.

19.    Defendants/Tenants failed to thereafter accept possession of the Premises as tendered to Defendants/Tenants by Plaintiff/Landlord and, as of this filing, have not accepted possession of the Premises.

20.    By letter dated March 7, 2017, Plaintiff/Landlord again notified the Defendants/Tenants, Defendants/Guarantors and the Franchisor of the foregoing breach by Defendants/Tenants and issued all necessary Notices of Breach, Notices of Default and Notices of the Opportunity to Cure.

21.    Defendants/Tenants failed to thereafter accept possession of the Premises as tendered to Defendants/Tenants by Plaintiff/Landlord and, as of this filing, have not accepted possession of the Premises.

22.    Defendants/Tenants have breached their agreements with Plaintiff/Landlord by failing to pay all rent and charges when the same became due to Plaintiff/Landlord.

23.    All Defendants have benefitted from the availability of the use and occupation of the Premises regardless of their obligations under the Lease Agreement.

24.    All Defendants have been unjustly enriched by the availability of the use and occupation of the Premises regardless of their obligations under the Lease Agreement.

25.    All Defendants have enjoyed the *mesne profits* flowing from the availability of the use and occupation of the Premises regardless of their obligations under the Lease Agreement.

26.    The collective Defendants are in joint venture, partnership or civil conspiracy as to the availability of the use and occupation of the Premises and activities related thereto.

27.     Plaintiff/Landlord has been damaged by the failure of Defendants to (a) accept possession of the Premises and (b) the result of that failure and refusal and (c) the reasonably anticipated results of that failure and refusal.

28.     No Defendant has ever disputed the fact of the Defendants'/Tenants' refusal of acceptance of possession of the Premises and, therefore, have admitted the existence of a default.

29.     No Defendant has ever disputed the fact of Landlords'/Plaintiffs' damages and, therefore, have admitted the existence of those damages.

30.     No Defendant has ever disputed the Defendant/Guarantors' liability to Landlord/Tenant and, therefore, have admitted that liability.

**Theories of Recovery.**

| Notes |
|---|
| Plaintiff incorporates the following immediately preceding each theory of recovery listed below: "Plaintiff realleges, reavers and incorporates therein by reference the allegations and demands for relief of Paragraphs 1 through the Paragraph next preceding this theory of recovery as if fully set forth." |

31.     Every theory of recovery from Defendants/Tenants is a theory of recovery as against Defendants/Guarantors based on the guaranty(ies). Consequently, Plaintiff/Landlord will refer to Defendants/Tenants and Defendants/Guarantors below with the collective designation of "Defendant" which shall be considered to be plural except where the context specifically indicates otherwise.

32.     **Account – Open Account.**  Defendant had an open account with Plaintiff; Defendant is liable to Plaintiff for the balance on his/her/its open account with Plaintiff.

33.     **Account Stated.**  Defendant is liable to Plaintiff for the account stated.  APJI 40.01; -.10; -.11 & -.12.

34.     **Breach of Contract.**  Defendant breached the express contract, guaranty(ies) or agreement(s) with Plaintiff; Defendant is liable to Plaintiff for that breach.

35.     **Breach of Lease.**  Defendant breached the express lease agreement with Plaintiff; Defendant is liable to Plaintiff for that breach.

36.     **Civil Conspiracy.**  To the extent so alleged in this Complaint, Defendant committed the acts alleged in this Complaint in concert, conspiracy, joint venture or partnership with each other Defendant and/or other individuals or entities.  The foregoing individuals or entities agreed to combine and/or did combine for the purpose of committing the wrongful act or acts set forth above.  One or more of the foregoing individuals or entities acted in furtherance of the agreement or in conspiracy with, or otherwise on behalf of, the other individuals or entities.

37.     **Conversion.**  Defendant converted to its own use the property of Plaintiff.

38.     **Fraud.**  Defendant made repeated misrepresentations to Plaintiff concerning the payments or future payments and Defendant's liability for the same. Defendant made the foregoing misrepresentations with knowledge of their falsity.  Defendant made the forgoing misrepresentations concerning acts to occur in the future with a present intent to deceive. Defendant made the forgoing misrepresentations with the intent to induce Plaintiff to act or

refrain from acting.  Plaintiff relied on said misrepresentations by acting and refraining from acting.  Plaintiff was damaged by his reliance on the foregoing misrepresentations made by the Defendant.    Defendant is jointly and severally liable to Plaintiff for Willful Misrepresentation or Fraud. Defendant is jointly and severally liable to Plaintiff for Reckless Misrepresentation or Fraud.    Defendant is jointly and severally liable to Plaintiff for Negligent Misrepresentation or Fraud.  Defendant is jointly and severally liable to Plaintiff for Innocent Misrepresentation or Fraud.  Defendant is jointly and severally liable to Plaintiff for Deceit or Promissory Fraud.  The agreement between the parties was obtained by fraud or mistake and, therefore, is due to be canceled, annulled or rescinded.

39.    *Mesne Profits*.  Defendant is liable to Plaintiff for *mesne profits*.

40.    **Negligence.**  Defendant's conduct constitutes negligence which has caused damage to Plaintiff.

41.    **Quantum Meruit.**  Defendant is liable to Plaintiff for *Quantum Meruit*.

42.    **Unjust Enrichment.**  Defendant, by actual or constructive fraud, duress or abuse of confidence or the commission of wrong, or otherwise by a form of unconscionable conduct, questionable means or other inequitable conduct, has benefitted at the expense of Plaintiff.  It is inequitable to allow Defendant to retain those benefits at the expense of Plaintiff.    The foregoing acts and/or failures to act of Defendant constitute past and continuing unjust enrichment of Defendant at Plaintiff's expense and loss.

43.    **Use & Occupation.**  Defendant is indebted to Plaintiff for the reasonable value of the potential use of the Premises pursuant to Alabama Code Section 35-9-100.

**Ad Damnum**

44.     **WHEREFORE,** Plaintiff demands judgment against Defendants (jointly and severally) for the following:

(a)     Compensatory damages;

(b)     Pre-judgment interest;

(c)     Attorney's fees;

(d)     Punitive damages in the amount necessary to punish Defendants for their illegal and/or wrongful conduct and sufficient to discourage others from participating in the same or similar conduct;

(e)     Post judgment interest;

(f)     Costs;

(g)     An order imposing a constructive trust on the substance of Defendant's unjust enrichment, disgorging it and directing that it be paid over to Plaintiff;

(h)     Such further and different relief to which he may be entitled.

Respectfully Submitted,


*/s/ David C. Skinner, LLC*
David C. Skinner
Attorney for Plaintiff

Of Counsel:
David C. Skinner, LLC
1025 23rd Street South; Suite 103
Birmingham, AL 35205

(205) 871-9566

**Please Serve Defendants By Certified Mail.**

Saddles Blazin, LLC
c/o The Corporation Trust Company of Nevada
701 S Carson St Ste 200
Carson City, NV 89701

Donald Wollan
P.O. Box 9
Rancho Santa Fe, CA 92067-0009

ELECTRONICALLY FILED
3/23/2017 6:17 PM
01-CV-2017-901181.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### In The Circuit Court For Jefferson County
### State of Alabama

| | | |
|---|---|---|
| Central City Developers, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CV: |
| | ) | |
| v. | ) | |
| | ) | |
| Saddles Blazin, LLC | ) | |
| | ) | |
| Defendant. | ) | |


### Notice of Deposition
### Of
### *Blaze Pizza, LLC* [Rule 30(b)(6)]
### To:

Blaze Pizza, LLC
25 N. Lake Ave; Suite 710
Pasadena, CA 71101

**You Are Hereby Notified**, pursuant to the Rules of Civil Procedure, that the undersigned counsel on behalf of its client will take the deposition of the above individual upon oral examination before a Court Reporter or other official authorized to take oaths and commencing (a) before any other deposition in this case except the depositions of the corporate representative of Saddles Blazin, LLC, which shall be the **first deposition** in this case (i.e. this shall be the **second deposition** in this case); and only after the party noticed above (or represented by the above noticed counsel) has fully responded to the discovery propounded by the undersigned and its client and then pending in this case.   More specifically, such deposition shall not commence sooner than five (5) Rule 6 business days following the service of the discovery responses described above.  Restated, this deposition shall commence before any other deposition in this case and shall not commence until undersigned counsel has had an opportunity to review the discovery responses from the deponent (or the entity represented by the deponent).   Subject to all of the above qualifications, conditions and requirements, and consistent with Rules 33, 34 and 36 and the service date of the discovery served with this Deposition Notice, the deposition is currently scheduled for 9:00 a.m. on Monday, May 27, 2017, The forgoing to be conducted at the

1

office of David C. Skinner; 1025 23rd Street South; Suite 103; Birmingham, Alabama 35205 and as may be continued from time to time.

**Areas of 30(b)(6) Testimony**

Defendant's representative or representatives shall be competent and willing to testify on the following areas:

1.  The formation of the Lease, Lease Agreement and the contract and agreement between Plaintiff and any Defendant to include the negotiation and acceptance of each of the foregoing.

2.  The details of the execution of the Lease with the Plaintiff.

3.  The details of the default under the Lease with the Plaintiff.

4.  The responses to the discovery requests.

5.  The interaction between the Parties during the negotiation, execution and performance.

6.  The responses to the discovery requests of the Parties of the Lease, Lease Agreement and the contract and agreement between the Parties.

7.  Any defense that you have asserted or may assert at any time in the future to the facts and demands of Plaintiff's complaint.

8.  The details of any promises by and Defendant to pay Plaintiff.

9.  The ownership and organization of the Tenant.

10. The assets of any Defendant.

The examination is intended to embrace the above issues, but shall not be limited to the above issues. This examination shall not waive the undersigned's and its client's rights to examine the designated deponent at some other time by noticing such individual in his/her own name or designating such individual for the purposes of examination on other issues – either as a representative or as an individual, or otherwise.

2

## 30(b)(5) Production Requests

Pursuant to Rule 30(b)(5) of the Rules of Civil Procedure, the undersigned and its client require Deponent to produce for inspection and/or copying at the time and the place of the taking of the deposition any documents in any way responsive to every production request propounded by the undersigned and its client which were served on the above Party more than five Rule 6 business days immediately preceding the date on which the deposition actually commences (or re-convenes).

Respectfully Submitted,

/s/ David C. Skinner
David C. Skinner
Attorney for Plaintiff

Of Counsel:
David C. Skinner, LLC
1025 23rd Street South; Suite 103
Birmingham, AL 35205
(205) 871-9566

**Served with Summons and Complaint**

3

ELECTRONICALLY FILED
3/23/2017 6:17 PM
01-CV-2017-901181.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## In The Circuit Court For Jefferson County
### State of Alabama

| | | |
|---|---|---|
| Central City Developers, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | CV: |
| | ) | |
| v. | ) | |
| | ) | |
| Saddles Blazin, LLC | ) | |
| | ) | |
| **Defendant.** | ) | |

### Notice of Deposition
Of
***Brian Kelley***
To:

Brian Kelley
4510 Executive Drive; Suite 330
San Diego, CA 92121

**You Are Hereby Notified**, pursuant to the Rules of Civil Procedure, that the undersigned counsel on behalf of its client will take the deposition of the above individual upon oral examination before a Court Reporter or other official authorized to take oaths and commencing (a) before any other deposition in this case except the depositions of Saddles Blazin, LLC, Blaze Pizza, LLC and Donald Wollen, which shall be the first depositions in this case (i.e. this shall be the **fourth deposition** in this case); and only after the party noticed above (or represented by the above noticed counsel) has fully responded to the discovery propounded by the undersigned and its client and then pending in this case.   More specifically, such deposition shall not commence sooner than five (5) Rule 6 business days following the service of the discovery responses described above.  Restated, this deposition shall commence before any other deposition in this case and shall not commence until undersigned counsel has had an opportunity to review the discovery responses from the deponent (or the entity represented by the deponent).    Subject to all of the above qualifications, conditions and requirements, and consistent with Rules 33, 34 and 36 and the service date of the discovery served with this Deposition Notice, the deposition is currently scheduled in sequence, with the first deposition scheduled for 9:00 a.m. on Monday,  May 27, 2017.  The forgoing to be conducted at the office of David C. Skinner; 1025 23rd Street

1

South; Suite 103; Birmingham, Alabama 35205 and as may be continued from time to time.

### 30(b)(5) Production Requests

Pursuant to Rule 30(b)(5) of the Rules of Civil Procedure, the undersigned and its client require Deponent to produce for inspection and/or copying at the time and the place of the taking of the deposition any documents in any way responsive to every production request propounded by the undersigned and its client which were served on the above Party more than five Rule 6 business days immediately preceding the date on which the deposition actually commences (or re-convenes).

Respectfully Submitted,

/s/ David C. Skinner
David C. Skinner
Attorney for Plaintiff

Of Counsel:
David C. Skinner, LLC
1025 23rd Street South; Suite 103
Birmingham, AL 35205
(205) 871-9566

**Served with Summons and Complaint**

ELECTRONICALLY FILED
3/23/2017 6:17 PM
01-CV-2017-901181.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**In The Circuit Court For Jefferson County**
**State of Alabama**

| | | |
|---|---|---|
| Central City Developers, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CV: |
| | ) | |
| v. | ) | |
| | ) | |
| Saddles Blazin, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**Notice of Deposition**
Of
*__Don Wollan a/k/a Donald Wollan__*
To:

Donald Wollan
4350 La Jolla Village Drive; #130
San Diego, CA 92121

**You Are Hereby Notified**, pursuant to the Rules of Civil Procedure, that the undersigned counsel on behalf of its client will take the deposition of the above individual upon oral examination before a Court Reporter or other official authorized to take oaths and commencing (a) before any other deposition in this case except the depositions of Saddles Blazin, LLC and Blaze Pizza, LLC, which shall be the first two depositions in this case (i.e. this should be the **third deposition** in this case); and only after the party noticed above (or represented by the above noticed counsel) has fully responded to the discovery propounded by the undersigned and its client and then pending in this case.  More specifically, such deposition shall not commence sooner than five (5) Rule 6 business days following the service of the discovery responses described above.   Restated, this deposition shall commence before any other deposition in this case and shall not commence until undersigned counsel has had an opportunity to review the discovery responses from the deponent (or the entity represented by the deponent).   Subject to all of the above qualifications, conditions and requirements, and consistent with Rules 33, 34 and 36 and the service date of the discovery served with this Deposition Notice, the deposition is currently scheduled in sequence, with the first deposition scheduled for 9:00 a.m. on Monday, May 27, 2017, The forgoing to be conducted at the office of David C. Skinner; 1025 23rd Street South; Suite

1

103; Birmingham, Alabama 35205 and as may be continued from time to time.

## 30(b)(5) Production Requests

Pursuant to Rule 30(b)(5) of the Rules of Civil Procedure, the undersigned and its client require Deponent to produce for inspection and/or copying at the time and the place of the taking of the deposition any documents in any way responsive to every production request propounded by the undersigned and its client which were served on the above Party more than five Rule 6 business days immediately preceding the date on which the deposition actually commences (or re-convenes).

Respectfully Submitted,

/s/ David C. Skinner
David C. Skinner
Attorney for Plaintiff

Of Counsel:
David C. Skinner, LLC
1025 23rd Street South; Suite 103
Birmingham, AL 35205
(205) 871-9566

**Served with Summons and Complaint**

2

ELECTRONICALLY FILED
3/23/2017 6:17 PM
01-CV-2017-901181.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## In The Circuit Court For Jefferson County
### State of Alabama

| | | |
|---|---|---|
| Central City Developers, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | CV: |
| | ) | |
| v. | ) | |
| | ) | |
| Saddles Blazin, LLC | ) | |
| | ) | |
| **Defendant.** | ) | |

### Notice of Deposition
Of
### *Saddles Blazin, LLC* [Rule 30(b)(6)]
To:

Saddles Blazin, LLC
410 Executive Drive; Suite 330
San Diego, CA 92121

**You Are Hereby Notified**, pursuant to the Rules of Civil Procedure, that the undersigned counsel on behalf of its client will take the deposition of the above individual upon oral examination before a Court Reporter or other official authorized to take oaths and commencing (a) before any other deposition in this case (i.e. this shall be the **first deposition** in this case); and only after the party noticed above (or represented by the above noticed counsel) has fully responded to the discovery propounded by the undersigned and its client and then pending in this case. More specifically, such deposition shall not commence sooner than five (5) Rule 6 business days following the service of the discovery responses described above. Restated, this deposition shall commence before any other deposition in this case and shall not commence until undersigned counsel has had an opportunity to review the discovery responses from the deponent (or the entity represented by the deponent). Subject to all of the above qualifications, conditions and requirements, and consistent with Rules 33, 34 and 36 and the service date of the discovery served with this Deposition Notice, the deposition is currently scheduled in sequence, with the first deposition scheduled for 9:00 a.m. on Monday, March 30, 2017, The forgoing to be conducted at the office of David C. Skinner; 1025 23rd Street South; Suite 103; Birmingham, Alabama 35205 and as may be continued

1

from time to time.

## Areas of 30(b)(6) Testimony

Defendant's representative or representatives shall be competent and willing to testify on the following areas:

1.  The formation of the Lease, Lease Agreement and the contract and agreement between Plaintiff and any Defendant to include the negotiation and acceptance of each of the foregoing.

2.  The details of the execution of the Lease with the Plaintiff.

3.  The details of the default under the Lease with the Plaintiff.

4.  The responses to the discovery requests.

5.  The interaction between the Parties during the negotiation, execution and performance.

6.  The responses to the discovery requests of the Parties of the Lease, Lease Agreement and the contract and agreement between the Parties.

7.  Any defense that you have asserted or may assert at any time in the future to the facts and demands of Plaintiff's complaint.

8.  The details of any promises by and Defendant to pay Plaintiff.

9.  The ownership and organization of the Tenant.

10. The assets of any Defendant.

The examination is intended to embrace the above issues, but shall not be limited to the above issues.  This examination shall not waive the undersigned's and its client's rights to examine the designated deponent at some other time by noticing such individual in his/her own name or designating such individual for the purposes of examination on other issues – either as a representative or as an individual, or otherwise.

## 30(b)(5) Production Requests

2

Pursuant to Rule 30(b)(5) of the Rules of Civil Procedure, the undersigned and its client require Deponent to produce for inspection and/or copying at the time and the place of the taking of the deposition any documents in any way responsive to every production request propounded by the undersigned and its client which were served on the above Party more than five Rule 6 business days immediately preceding the date on which the deposition actually commences (or re-convenes).

Respectfully Submitted,

/s/ David C. Skinner
David C. Skinner
Attorney for Plaintiff

Of Counsel:
David C. Skinner, LLC
1025 23rd Street South; Suite 103
Birmingham, AL 35205
(205) 871-9566

**Served with Summons and Complaint**

3

ELECTRONICALLY FILED
3/23/2017 6:17 PM
01-CV-2017-901181.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## In The Circuit Court For Jefferson County
### State of Alabama

| | | |
|---|---|---|
| Central City Developers, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CV: |
| | ) | |
| v. | ) | |
| | ) | |
| Saddles Blazin, LLC | ) | |
| | ) | |
| Defendant. | ) | |

### Plaintiff/Landlord's First Set of Discovery

**COMES NOW,** Plaintiff and requests that every other Party respond to the following discovery in accordance with Rules of Civil Procedure 33, 34 & 36:

### Admissions

**1. Admission**:  Admit that every Party is correctly identified in the Complaint.

**2. Admission**:  Admit that every Plaintiff is a real party in interest for the claims it is asserting.

**3. Admission**:  Admit that you are liable to the Plaintiff as stated in the Complaint.

**4. Admission**:  Admit that you do not have any claims for remediation or demands for a set-off of the damages alleged by Plaintiff.

**5. Admission:**  Admit that you do not have any claims for set-off.

1

**6. Admission**:  Admit that prior to the filing of this Complaint you did not make any written demand or for a set-off of the damages alleged by Plaintiff.

**7. Admission**:  Admit that prior to the filing of this Complaint you did not make any oral demand or for a set-off of the damages alleged by Plaintiff.

**8. Admission:** Admit that Tenant's Original Lease was signed by Tenant's Representative on January 14, 2016.

**9. Admission**: Admit that Tenant's Original Lease was signed by the then Landlord's Representative on January 21, 2016.

**10. Admission**:  Admit that the Term of the Lease Agreement with Plaintiff/Landlord was and is 10 years and 180 days.

**11. Admission**:  Admit that Tenant failed to take possession of the Premises as of the date of this filing.

**12. Admission:** Admit that the Landlord called on the Tenant to take possession of the Premises by the letter dated December 22, 2016.

**13. Admission:** Admit that the Tenant declined to take possession of the Premises by the letter dated December 29, 2016.

**14. Admission:** Admit that the Landlord, by and through counsel, called on the Tenant to take possession of the Premises by the letter dated January 10, 2017.

2

**15. Admission:** Admit that the Landlord, by and through counsel, notified Tenant of its (Tenant's default) by the letter dated March 7, 2017.

**16. Admission:** Admit that as of the filing of the Complaint, Tenant has not taken possession of the Premises.

**17. Admission:** Admit that the total of the unpaid monthly Base Rent payments for the 10 year period of Base Rent payment is $861,000.00.[1]

**18. Admission:** Admit that pursuant to the Lease, the Tenant is required to pay its proportionate share of the operational expenses each month.

**19. Admission:** Admit that pursuant to the Lease, the Tenant is required to pay its proportionate share of the insurance expenses each month.

**20. Admission:** Admit that pursuant to the Lease, the Tenant is required to pay its proportionate share of the real estate taxes each month.

**21. Admission:** Admit that pursuant to the Lease, the Tenant is obligated to pay all costs and expenses the Landlord incurs in re-letting the Premises.

**22. Admission:** Admit that Tenant and Guarantor have not paid Plaintiff the amounts called for under the Lease.

**23. Admissions:** Admit that Guarantor's liability to Landlord is not "secondary" to

---

[1]5 years at $30.00 per square foot for 2,800 square feet; 5 years at $31.50 per square feet for 2,800 square foot.

3

Tenant's.

**24. Admissions:** Admit that there is no bar that precludes the Landlord from pursuing a recovery from the Guarantor at this time.

### Interrogatories

**25. Interrogatory:** If you denied any of the preceding Requests for Admission, then state with particularity the basis of such denial.

**26. Interrogatory:** Identify every individual which you contend is protected pursuant to Rule of Professional Responsibility 4.2.

**27. Interrogatory:** Identify every Party (named or fictitious), including in that identification the Party's full legal name, date of birth (incorporation or organization) place of birth (incorporation or organization) citizenship, driver's license number and state of issuance, social security number (federal tax identification number), current address and every other name by which any party has ever been known or called.

**28. Interrogatory:** Describe every Party's (or the entity representative's) educational background, including in that description the identity of every institution of learning which the Party or representative attended since the age of 16, the dates of the Party's or representative's attendance or enrollment, a description of the Party's or representative's course of study or discipline and the terms on which the Party or representative left that institution to include the awarding of any degrees or certifications.

**29. Interrogatory:** Describe every time any Party (or Party representative) has been

4

indicted; including in that description the date and location of the indictment, the identity of the law enforcement agency, the identity of the jurisdiction involved, the nature and substance of the charge and the nature, the nature, substance and date of the resolution of the proceedings.

**30. Interrogatory**: Describe every time any Party (or Party representative) has been charged, noticed, cited or otherwise contacted by a governmental or regulatory agency concerning any violation, potential violation or alleged violation of any law or regulation; including in that description the identity of the charging authority, the date of the charge, notice or citation, the substance of the charge, notice or citation and the resolution of the charge notice or citation.

**31. Interrogatory**:  Describe every civil lawsuit any Party has been involved in; including in those descriptions the date the lawsuit was filed, the identity of the court the lawsuit was pending, the identity of the presiding judge, the identities of the attorneys involved, the identities of the parties, the nature and substance of the Party's involvement in and knowledge of the dispute(s), the nature and substance of the dispute(s), the nature and substance of the parties' respective positions and contentions, the date on which the dispute(s) was/were disposed of and the nature and substance of the resolution of the dispute(s).

**32. Interrogatory**:  Identify every complaint or inquiry communicated by any Party to any other Party (or agent or employee of any of them) or third party and regarding any matter related to this litigation, whether verbal or in writing; including in that description the identity of the individual or entity making that complaint or inquiry, the substance of the complaint or inquiry, the date on which it was made, the substance of any response by any Party or third party and the date and manner of any such response.

5

**33. Interrogatory**: Describe every expert (specially retained or otherwise) having any knowledge of the subject matter of this Action (any person that you expect to call as an expert witness at trial; whether "specially retained" or otherwise) including in each description, as required by Alabama Rule of Civil Procedure 26(b)(4)(A) (or applicable federal counterparts), the background and qualifications of the expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for every opinion of every such expert.

**34. Interrogatory**: Identify where these interrogatories are being answered and each and every person present answering these interrogatories or contributing to any of the answers to these interrogatories, and any other person, or entity supplying any information used in any way to answer these interrogatories.

**35. Interrogatory**: Identify and describe every damage any Party claims to have been caused to suffer by the alleged acts and omissions of any other Party, including in those descriptions the value of that loss.

**36. Interrogatory**:  Identify every person with whom any Party (and any agent or employee of any of them) has discussed the claims, defenses and allegations made the subject matter of this Action.

**37. Interrogatory**:  Identify every defect (if any) in the Premises or Plaintiff's work or the work of Plaintiff's contractors or subcontractors at the Premises and for which you made an oral complaint prior to the filing of this Action; include the description of your complaint/grievance, the value of that alleged defect and the identity of the contractor/subcontractor which performed or failed to perform the activities giving rise to

6

that alleged defect.

**38. Interrogatory**:  Identify every defect (if any) in the Premises or Plaintiff's work or the work of Plaintiff's contractors or subcontractors at the Premises and for which you made a written complaint prior to the filing of this Action; include the description of your complaint/grievance, the value of that alleged defect and the identity of the contractor/subcontractor which performed or failed to perform the activities giving rise to that alleged defect.

**39. Interrogatory**:  Describe why you contend that the Lease Agreement or Guaranty between the Parties is unenforceable as against any Party, including but not limited to the identity of every fact, theory or document which supports or refutes your contentions.

**Production Requests**

**40. Production Request**:  Produce every document or instrument which you rely on as justifying or substantiating any Party's response to any Request for Admission in this Action or the substance of any Party's response to any Interrogatories in this Action.

**41. Production Request**: Produce every document referenced in any Party's response to any Request for Admission or any Interrogatory in this Action.

**42. Production Request**:  If you are a privately held entity, then produce a list of every member, partner or shareholder of the entity from its inception to the present; the list shall include the name, address, phone number and ownership interest of each member, partner or shareholder.

7

**43. Production Request**: Every article or certificate of incorporation/organization, bylaw, operating agreement, company agreement, shareholder agreement, partnership agreement regulation and similar internal document (with all amendments) together with all minutes, resolutions, consents actions and certificates which govern and/or evidence the dealings, affairs, existence and composition of any Party that is an entity.

**44. Production Request**: Every federal, state and local tax return or filing, whether joint, individual, corporate, partnership, trust, sales, use, excise, severance or otherwise filed by or for any Party during or for the year 2012 through the present.

**45. Production Request**: Produce all correspondence between any of the following:
  (a)   any Defendant;
  (b)   any employee, agent, contractor, subcontractor of Defendant;
  (c)   any Plaintiff;
  (d)   any employee, agent, contractor, subcontractor of Plaintiff;
and/or any predecessor in interest, successor in interest, subsidiary, subdivision, parent or affiliate and any agents or employees of any of them, regardless of by what name called and concerning or in any way affecting the subject matter of this litigation.

**46. Production Request**: Every statement (and transcriptions and recordings of oral statements), account, description and notation made by, created by, produced by or received from any Party (and any agent of any of them) and concerning or discussing the subject matter of this Action.

**47. Production Request**: Every document which tends to prove, support, disprove or otherwise evidence the absence, existence, nature or extent of any allegation by any plaintiff or defendant (including damage allegations) and made the subject matter of this

8

Action.

**48. Production Request**: Every document or statement which contains information which any expert believes tends to prove or disprove any of the allegations or defenses of any Party.

**49. Production Request**: Every report, document or information provided to, prepared by or reviewed by any Party or any Party's experts and related to any investigation of, or opinions and conclusions about, the subject matter of this litigation.

**50. Production Request**: Every document, memorandum, writing or record prepared in connection with this litigation and not subject to the Attorney-Client Privilege or Work Product Doctrine.

**51. Production Request**: A privilege log of every document you contend is protected from disclosure by the attorney-client privilege or work product doctrine.

**52. Production Request**: Every document which tends to prove, support, disprove or otherwise evidence the absence, existence, nature or extent of the damages which any Party claims in this Action.

**53. Production Request**: Every document which evidences any Party's attendance at any institution of learning or training since the Party attained the age of 16.

**54. Production Request**: Every document or exhibit which any Party (or any experts or lay witnesses) plan to use in any way at the trial of this cause or any deposition in this proceeding, including documents or exhibits which may only be offered for rebuttal or

9

impeachment purposes.

    **55. Production Request**: Every photograph, film, videotape or other depiction of any activity which is in any way related to the subject matter of this lawsuit or to any issue or Party otherwise involved in this litigation.

    **56. Production Request**: Every document which in any way relates, pertains or refers to the subject matter of this litigation or to any issue otherwise involved in this litigation which you have not already produced in response to one of the above requests.

                      Respectfully Submitted,

                      */s/ David C. Skinner*
                      David C. Skinner

Of Counsel:
David C. Skinner, LLC
1025 23rd Street South; Suite 103
Birmingham, AL 35205

**Served with the Summons and Complaint.**

10



AlaFile E-Notice

01-CV-2017-901181.00

To:  DAVID C SKINNER
     david@skinnerlegal.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CENTRAL CITY DEVELOPERS, LLC V. DONALD WOLLAN ET AL
01-CV-2017-901181.00

The following complaint was FILED on 3/23/2017 6:17:56 PM

Notice Date:      3/23/2017 6:17:56 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-901181.00

To:  DONALD WOLLAN
PO BOX 9
RANCHO SANTA FE, CA, 92067

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CENTRAL CITY DEVELOPERS, LLC V. DONALD WOLLAN ET AL
01-CV-2017-901181.00

The following complaint was FILED on 3/23/2017 6:17:56 PM

Notice Date:       3/23/2017 6:17:56 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-901181.00

To: SADDLES BLAZIN, LLC
701 S CARSON ST STE 200
CARSON CITY, CA, 89701

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CENTRAL CITY DEVELOPERS, LLC V. DONALD WOLLAN ET AL
01-CV-2017-901181.00

The following complaint was FILED on 3/23/2017 6:17:56 PM

Notice Date:        3/23/2017 6:17:56 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2017-901181.00 |
| --- | --- | --- |

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
CENTRAL CITY DEVELOPERS, LLC V. DONALD WOLLAN ET AL

NOTICE TO    DONALD WOLLAN, PO BOX 9, RANCHO SANTA FE, CA 92067

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DAVID C SKINNER

WHOSE ADDRESS IS 1025 23rd Street South, Suite 103, BIRMINGHAM, AL 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    CENTRAL CITY DEVELOPERS, LLC
pursuant to the Alabama Rules of the Civil Procedure

Date   3/23/2017 6:17:56 PM    /s/ ANNE-MARIE ADAMS

Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

☑ Certified Mail is hereby requested    /s/ DAVID C SKINNER

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____        _____        _____
Date                                          Server's Signature                            Address of Server

_____        _____        _____
Type of Server                             Server's Printed Name                      Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2017-901181.00 |
| --- | --- | --- |

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
CENTRAL CITY DEVELOPERS, LLC V. DONALD WOLLAN ET AL

NOTICE TO __SADDLES BLAZIN, LLC, 701 S CARSON ST STE 200, CARSON CITY, CA 89701__

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY __DAVID C SKINNER__

WHOSE ADDRESS IS __1025 23rd Street South, Suite 103, BIRMINGHAM, AL 35205__

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    CENTRAL CITY DEVELOPERS, LLC
pursuant to the Alabama Rules of the Civil Procedure

Date   3/23/2017 6:17:56 PM        /s/ ANNE-MARIE ADAMS

Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

| ☑ Certified Mail is hereby requested | /s/ DAVID C SKINNER |
| --- | --- |
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                                    (Date)

_____          _____          _____
Date                                        Server's Signature                           Address of Server

_____          _____          _____
Type of Server                            Server's Printed Name

                                                                                    _____
                                                                                    Phone Number of Server



AlaFile E-Notice

01-CV-2017-901181.00

Judge: ELISABETH A FRENCH

To: SKINNER DAVID CLINTON
david@skinnerlegal.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CENTRAL CITY DEVELOPERS, LLC V. DONALD WOLLAN ET AL
01-CV-2017-901181.00

The following matter was served on 3/28/2017

**D001 WOLLAN DONALD**

**Corresponding To**

CERTIFIED MAIL

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Donald Wollan
P.O. Box 9
Rancho Santa Fe, CA
92007

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Nelson_        ☒ Agent
                  ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

NELSON                               3-28-17

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:         ☒ No

3. Service Type
   ☒ Certified Mail®      ☐ Priority Mail Express™
   ☐ Registered           ☐ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number
   (Transfer from service label)      7016 2140 0000 0139 9043 

PS Form 3811, July 2013        Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

MAR 31 2017

ANNE-MARIE ADAMS
CLERK

• Sender: Please print your name, address, and ZIP in this box •

Anne-Marie Adams, Circuit Clerk

Jefferson County Courthouse

716 N. Richard Arrington Blvd

Birmingham, AL 35203

CV-2017-901181.00



AlaFile E-Notice

01-CV-2017-901181.00

Judge: ELISABETH A FRENCH

To:  SKINNER DAVID CLINTON
     david@skinnerlegal.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CENTRAL CITY DEVELOPERS, LLC V. DONALD WOLLAN ET AL
01-CV-2017-901181.00

The following matter was served on 3/27/2017

**D002 SADDLES BLAZIN, LLC**

**Corresponding To**

CERTIFIED MAIL

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Saddles Blazin, LLC
c/o The Corporation Trust
Company of Nevada
701 S Carson St Ste 200
Carson City, NV 89701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

x Kaeli Biggin    ☐ Agent
                  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Kaeli Biggin    3/27

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☒ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7016 2140 0000 0139 9050

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

APR 03 2017

ANNE-MARIE ADAMS
CLERK

* Sender: Please print your name, address, and ZIP+4® in this box •

Anne-Marie Adams, Circuit Clerk

Jefferson County Courthouse

716 N. Richard Arrington Blvd

Birmingham, AL 35203

901181.00

CV-2017-900081